**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| v. | § | **EP-16-CR-00734(3)-DCG** |
| | § | |
| **GERARDO TREJO,** | § | |
| | § | |
| *Defendant*. | § | |

## ORDER DENYING DEF. 'S MOTION FOR SENTENCE REDUCTION

On this day, the Court considered Defendant Gerardo Trejo's ("Defendant") "Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(C)(1)(A) [sic]" (ECF No. 174) ("Motion") filed on February 4, 2021, and the Government's "Response to Defendant Sentence-Reduction Motion" (ECF No. 182) ("Response") filed on March 17, 2021, in the above-captioned cause. After careful consideration of the issue, the Court **DENIES** Defendant's Motion.

### I.   BACKGROUND

Defendant is a 45-year-old male serving a sentence of 324 months imprisonment after pleading guilty to conspiring to possess with an intent to distribute 500 grams or more of a mixture containing a detectable amount of methamphetamine. Am. J. Crim. Case 1, ECF No. 171, filed Nov. 20, 2019. Defendant is scheduled to be released on October 17, 2041. *See* Fed. Bureau of Prisons ("BOP"), Find an Inmate, https://www.bop.gov/inmateloc/ (search Reg. No. 81849-180) (last visited June 4, 2021). To date, Defendant has served approximately 31 months, less than 10% of his sentence.

He is incarcerated at Florence Federal Correctional Institution ("FCI Florence") in Florence, Colorado. *Id.* Currently, zero inmates and one staff member at FCI Florence are testing positive for COVID-19. BOP, COVID-19 Cases,

https://www.bop.gov/coronavirus/index.jsp (last accessed June 4, 2021). Additionally, 1163 inmates and 408 staff members at FCI have been fully inoculated against COVID-19. BOP, COVID-19 Vaccine Implementation, https://www.bop.gov/coronavirus/index.jsp (last accessed June 4, 2021).

Defendant was "a long-term and trust member" of a drug trafficking organization, responsible for storing and transporting bulk quantities of narcotics and drug proceedings. Presentence Investigation Report ("PSR") 9 ¶ 27, ECF No. 151, Apr. 17, 2019.

The FBI identified the Defendant as a target of their investigation after local law enforcement discovered approximately 72 kilograms of methamphetamine in a residential dwelling leased to Defendant. *Id.* ¶¶ 6–10. Additional investigation revealed that Defendant had recruited an individual to transport approximately 1.36 kilograms of methamphetamine and $19,000 in drug proceeds from El Paso to Alabama. *Id.* ¶ 21. Moreover, the investigation revealed that Defendant was involved in recruiting an individual to transport approximately 294.56 kilograms of marijuana from a warehouse in El Paso that Defendant operated. *Id.* ¶¶ 22–23. Based on the investigation, Defendant was found accountable for 73.95 kilograms of methamphetamine, 294 kilograms of marijuana, and $19,000 in drug proceeds.

Defendant pleaded guilty to possessing over 500 grams of liquid methamphetamine after being arrested on September 18, 2018, by the Federal Bureau of Investigation ("FBI"). PSR 8 ¶ 24. Based on a total offense level of 39 and a criminal history category of III, Defendant's guideline imprisonment range was between 324 to 405 months' imprisonment. *Id.* at ¶ 78.

Following Defendant's guilty plea, the Court sentenced him to a term of 324 months, a sentence at the bottom of the guideline range. Am. J. Crim. Case 2. Despite having waived his right to appeal as part of his plea agreement, Defendant appealed his sentence. *United States v.*

*Trejo*, 805 F. App'x 312 (5th Cir. 2020).  The Fifth Circuit Court of Appeals dismissed the appeal as frivolous.  *Id.*

In support of his request for compassionate release, Defendant cites underlying medical conditions as extraordinary and compelling reasons.  Mot. 3.  Specifically, Defendant suffers from Type II diabetes mellitus and hyperlipidemia, which place him at an increased risk of severe illness or death if he contracts COVID-19.  *Id.*  The risk, he argues, is heightened for Hispanic Americans, such as Defendant.  *Id.*  At the time of filing, Defendant had contracted COVID-19 and his side effects included swelling of the hands and joints.  *Id.* at 2–3.

The Government strongly opposes Defendant's Motion.  First, the Government contends that Defendant's failure to exhaust administrative remedies should bar the Court from considering the merits of his Motion.  Second, the Government argues the Defendant's release would endanger the public and that the sentencing factors militate for dismissal

## II.   LEGAL STANDARDS

"As a general rule, federal courts 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Franco*, 973 F.3d 465 (5th Cir. 2020) (per curiam), *petition for cert. denied*, 141 S. Ct. 920 (2020) (quoting 18 U.S.C. § 3582(b)).  However, Congress, by passing the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), created an exception to this rule and empowered courts to "reduce or modify a term of imprisonment 'if extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).

Before reducing an inmate's sentence, a court must consider "the factors set forth in section 3553(a) to the extent they are applicable." 18 U.S.C. § 3582(c)(1)(A).  "Congress has instructed sentencing courts to impose sentences that are 'sufficient, *but not greater than*

*necessary*, to comply with' (among other things) certain basis objectives, including the need for just punishment, deterrence, protection of the public, and rehabilitation." *Holguin-Hernandez v. United States*, 140 S. Ct. 762, 765–66 (2020) (quoting 18 U.S.C. § 3553(a)(2)).

Pursuant to § 3582(c)(1)(A), the Court may reduce a term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." However, the Court "may not modify a term of imprisonment once it has been imposed: unless the defendant has exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

### III. DISCUSSION

To obtain a sentence reduction, Defendant must demonstrate that (1) he has exhausted administrative remedies, (2) his circumstances are extraordinary and compelling, (3) his release is warranted in light of the relevant sentencing factors, and (4) his release would not endanger any other person or the community. Although Defendant has exhausted administrative remedies, he has failed to show that his release is warranted in light of the relevant sentencing factors.

#### A. Exhaustion

The Court first addresses the Government's contention that Defendant has failed to satisfy the exhaustion requirement.

Section 3582 provides, in relevant part, "[t]he court may not modify a term of imprisonment" unless "the defendant has fully exhausted all administrative rights . . . **or the lapse of 30 days**" after the warden of the facility received the defendant's request for a sentence reduction. 18 U.S.C. § 3582(c) (emphasis added).

Here, Defendant submitted a sentence-reduction request to the warden at FCI Florence on November 17, 2020.  Mot. 4.  Defendant has submitted competent evidence in support.  *See* Mot. Ex. A (requesting that the warden at FCI Florence file a motion for a sentence reduction on Defendant's behalf).

The Government acknowledges this request.  Resp. 8.  Nevertheless, it contends that Defendant's application failed to satisfy the threshold requirement because "he failed to provide sufficient facts to allow BOP to make an informed decision about whether to grant his request for compassionate release."  *Id.*  The Government's argument proves too much.

Section 3582(c) imposes a threshold requirement that must be satisfied before a district court may entertain a defendant's request for a sentence reduction.  *See Franco*, 973 F.3d at 468. It is well settled that a statute must be interpreted based on the plain and ordinary meaning of the words that Congress used to express its intent.  *Id.* (quoting *Hightower v. Tex. Hosp. Ass'n*, 65 F.3d 443, 450 (5th Cir. 1995)).  Here, the relevant statutory provision speaks in the disjunctive: a defendant must fully exhaust available administrative remedies, *or* they must wait 30 days until after the warden receives their request for a sentence reduction before filing a motion in district court.  § 3582(c) (emphasis added).  The Court declines to adopt the Government's atextual interpretation of the relevant statute.

Defendant has provided competent evidence that he applied to the warden at FCI Florence for a sentence reduction on November 17, 2020.  Defendant filed his Motion on February 4, 2021, well after the thirty-day waiting period.  As the statute does not impose any requirement of what must be included within such an application, the Court finds that Defendant has satisfied the threshold requirement.

### B. Sentencing Factors

The Court next considers whether Defendant's release is warranted in light of the sentencing factors.

As relevant here, § 3553(a), which codifies the sentencing factors, instructs courts to impose a sentence that is sufficient but not greater than necessary to:

> reflect the seriousness of the offense, to promote respect for the rule of law, . . . to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; [and] to protect the public from further crimes of the defendant.

§ 3553(a)(2)(A), (B), (C); *see also* U.S.S.G. § 1B1.13(2). Defendant must carry this burden to merit release.

Defendant acknowledges that his personal and criminal history create a reasonable concern that his release will endanger the public. Mot. 4. Defendant, nevertheless, contends his history of good behavior while at FCI Florence, along with his strong re-entry plan, alleviates this concern. *Id.*

The Court cannot find that Defendant has carried his burden in this regard. As the Government notes, Defendant has a length criminal history that includes three separate international drug trafficking offenses. Resp. 11. Indeed, the Court found Defendant guilty of possessing with an intent to distribute over 100 kilograms of marijuana in 2009. PSR ¶ 49. Before sentencing for this offense, Defendant failed to appear for a scheduled hearing before the Court, resulting in the issuance of an arrest warrant. *Id.* Moreover, after serving his sentence for the marijuana trafficking offense, Defendant the terms of his supervised release on two different occasions, along with committing the offense that resulted in his present incarceration. *Id.* Defendant's conduct suggests an ingrained desire to engage in unlawful activity, a desire that has not abated despite multiple arrests, convictions, and a prior federal sentence.

Consequently, the Court cannot find that the sentencing factors can be reconciled with Defendant's release.  At sentencing, the Court expressly determined that a sentence of 324 months was sufficient but no greater than necessary.  Releasing Defendant before he has served even one-tenth of this sentence would directly contradict the sentencing factors, which require a sentence adequate to reflect the seriousness of Defendant's offense and promote respect for the law.  Moreover, the Court finds that Defendant poses a credible risk of recidivating should he be released at this time.

## IV. CONCLUSION

Accordingly, **IT IS ORDERED** that Defendant Gerardo Trejo's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(C)(1)(A) (ECF No. 174) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court **SHALL** mail Defendant a copy of this Order by any receipted means at the address indicated in Defendant's most recent filing.

**SIGNED AND ENTERED this 19th day of July, 2021.**

_____
**DAVID C. GUADERRAMA**
**UNITED STATES DISTRICT JUDGE**